IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN LINTHICUM**, on behalf of himself and others similarly situated, | : | |
| | : | **CASE NO. 2:26-cv-39** |
| Plaintiff, | : | |
| v. | : | **JURY DEMAND ENDORSED HEREON** |
| **HOWMET AEROSPACE INC.**, | : | |
| Defendant. | : | |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff John Linthicum, individually and on behalf of others similarly situated, files his First Amended Collective Action Complaint[1] against Defendant Howmet Aerospace Inc. for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District, Defendant is subject to personal

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Named Plaintiff is filing this First Amended Collective Complaint as a matter of course within 21 days of Defendant's responsive pleading.

jurisdiction in this District, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio.

4. Named Plaintiff was employed by Defendant from approximately July 2023 to June 2024.

5. Named Plaintiff was employed as an hourly, non-exempt employee as defined by the FLSA at Defendant's facility in Canton, Ohio.

6. During his employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

7. At all times relevant, Named Plaintiff performed non-exempt duties in furtherance of Defendant's business of manufacturing aerospace and heavy truck components.

8. Named Plaintiff's Consent to Join form was filed with the Complaint. ECF No. 1-1.

### B. Defendant

9. Defendant is a foreign for-profit corporation that is registered to conduct business in Pennsylvania.

10. Defendant is a producer of engines and engine components for airplanes and gas turbines, as well as aluminum wheels for heavy trucks.[2] Defendant operates manufacturing facilities across the United States.

11. Defendant currently owns, operates, and/or manages over 37 facilities across the United States.[3]

12. At all relevant times, Defendant has had direct or indirect control and exercised authority over Named Plaintiff and other similarly situated employees' working conditions.

13. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

14. At all relevant times, Defendant has had the authority to hire and fire Named Plaintiff and other similarly situated employees, supervise and control their work schedules and conditions, determine their rate and method of pay, and/or maintain their employee records.

15. Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

---

[2] *About Us*, HOWMET AEROSPACE, https://www.howmet.com/about-us/ (last visited March 25, 2026).

[3] *United States Locations*, HOWMET AEROSPACE, https://www.howmet.com/united-states/ (last visited March 25, 2026).

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17. Defendant was an "employer" of its employees at all its locations as defined herein, and/or for the purposes of the FLSA.

18. At all relevant times, Defendant, as a corporation producing aerospace and trucking products, was an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

20. At all relevant times, Defendant has had employees engaged in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and overtime laws of the United States.

## III. FACTS

22. Defendant employed Named Plaintiff and other similarly situated production/manufacturing employees[4] as hourly, non-exempt employees.

23. Named Plaintiff and other similarly situated production/manufacturing employees worked 40 or more hours in one or more workweek(s) during relevant times.

---

[4] Numerous additional opt-in plaintiffs have joined this action by filing consent forms from various facilities owned and operated by Defendant. All references to other "similarly situated production/manufacturing employees" related to opt-in plaintiffs and other similarly situated workers.

24. Named Plaintiff and other similarly situated production/manufacturing employees were required to arrive at their respective facilities before the scheduled start of their shifts to attend mandatory pre-shift and/or shift relief/turnover meetings.

25. These pre-shift and shift relief/turnover meetings included, among other things, (1) discussions about the status of production and any work-related or safety issues or problems that arose during the prior shift and/or might arise during the current shift, and/or (2) directions and instructions about work to be performed during the shift. These pre-shift and shift/relief turnover meetings were integral and indispensable to Named Plaintiff and other similarly situated production/manufacturing employees' job duties and were primarily for Defendant's benefit. Named Plaintiff and other similarly situated production/manufacturing employees could not properly perform their work duties without attending these mandatory meetings.

26. Defendant did not pay Named Plaintiff and other similarly situated production/manufacturing employees for the pre-shift work described above.

27. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees were not fully and properly paid for all overtime wages because they were not paid for the pre-shift work described herein.

28. During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked without compensation for all overtime hours.

29. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

30. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

31. Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated production/manufacturing employees.

32. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated production/manufacturing employees.

33. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

34. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

35. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

36. Defendant is in possession and control of the necessary documents and information from which Named Plaintiffs would be able to calculate damages, and/or Defendant otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

37. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for himself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least 40 hours of work in any workweek beginning three (3) years before the filing date of the original Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "Potential FLSA Collective Members").[5]**

38. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

39. In addition to Named Plaintiff, the Potential FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the Potential FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated production employees and is acting on behalf of their interests as well as his own in bringing this action.

40. The identities of the Potential FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the collective

[5] Named Plaintiff reserves the right to amend his definition of whom he seeks to send Court-authorized notice of this action to.

adjudication of their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

41. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the Potential FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Potential FLSA Collective Members.

## V. CAUSE OF ACTION

### COUNT I:
### FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

44. The FLSA requires that employees receive overtime compensation for hours worked over 40 per workweek. 29 U.S.C. § 207(a)(1).

45. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

46. Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweeks.

47. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them for overtime wages for all hours worked over 40 hours in a workweek because of Defendant's policies and/or practices described herein.

48. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

49. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

50. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

51. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

52. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Potential FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the Potential FLSA Collective Members;

B. Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the Potential FLSA Collective Members;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Potential FLSA Collective Members, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Tolling the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which the Potential FLSA Collective Members file consent to join forms;

E. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective may prove their hours worked with reasonable estimates;

F. Awarding to Named Plaintiff and the FLSA Collective unpaid overtime wages to be determined at trial, together with any liquidated damages allowed by the FLSA;

G. Awarding to Named Plaintiff and the FLSA Collective costs, disbursements, and reasonable allowances for fees of counsel and experts, as well as reimbursement of expenses;

H. Awarding to Named Plaintiff and the FLSA Collective such other and further relief as the Court deems just and proper;

I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J. Rendering judgment against Defendants for all damages, relief, or any other recovery whatsoever.

**JURY DEMAND**

Plaintiff hereby demands a trial by a jury on all claims so triable.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (Ohio Bar No. 0085586)
Shannon M. Draher (Ohio Bar No. 0074304)

Adam C. Gedling (Ohio Bar No. 0085256)
Tristan T. Akers (Ohio Bar No. 0102298)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
sdraher@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2026, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman